26 C.C.P.A. (Patents)

## In re NEWTON et al.
## Patent Appeals No. 4222.

Court of Customs and Patent Appeals.
June 19, 1939.

Roy W. Johns, of Chicago, Ill., for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

On August 22, 1932, appellants filed an application in the United States Patent Office in which was disclosed an alleged invention relating to an improvement in shortening, the method of making it and the method of using it in producing bakery products. Certain claims of the application relating to the improved shortening and the method of making it were rejected by the Primary Examiner and his decision was affirmed by the Board of Appeals. Appeal was taken to this court. In Re Newton et al., 96 F.2d 291, 293, 25 C.C.P.A., Patents, 1106, the decision of the Board of Appeals was affirmed.

The present appeal is from the decision of the Board of Appeals affirming that of the examiner in rejecting claims of the instant application, which is a continuation in part of the application involved in Re

Newton et al., supra, which claims are directed to the method of using, in producing bakery products, the alleged improved shortening defined by the claims involved in Re Newton et al., supra.

Claim 1 is regarded as illustrative of the claims on appeal and follows:

"1. The improvement in the production of bakery products in the production of which shortening, solid ingredients, and aqueous liquids are employed, which comprises incorporating in the bakers' mix from which the bakery products are to be produced a dry shortening having improved creaming properties, said shortening containing a small and effective amount of a substance of the class consisting of mono-acid glycerides of higher fatty acids, di-acid glycerides of higher fatty acids, glycerine-triglyceride reaction products and mixtures thereof sufficient to improve the creaming properties of the shortening but insufficient to substantially affect the natural consistency of the shortening, whereby the texture and tenderness of the bakery products can be improved and their moisture content increased, due to the improved creaming properties of the shortening employed."

The references relied upon are: Ellis, 1,261,911, April 9, 1918; Ellis, 1,547,571, July 28, 1925; Procter & Gamble Co. (French), 758,057, October 23, 1933.

Claims numbered 1 to 11, inclusive, are on appeal here. Claims 1, 3, 4, 6, 9, 10 and 11 were rejected on the ground of indefiniteness. There were two features of the claims which the examiner regarded as indefinite. The board affirmed the examiner upon one ground of indefiniteness and disapproved the other.

The examiner also rejected all the claims upon each of the two patents of record to Ellis, which were the references relied upon by the Patent Office and this court in Re Newton et al., supra. The Board of Appeals affirmed the examiner upon this ground of rejection.

The claims were also rejected by the examiner upon the French patent, which rejection the Board of Appeals affirmed.

In view of our conclusion that the ground of rejection by the examiner, affirmed by the board, on each of the Ellis patents was not erroneous, we find it unnecessary to further discuss or consider any other ground of rejection.

It is conceded in this case that appellants' method of improvement in the production of bakery products consists of the use, in the ordinary conventional way, of the shortening for which appellants were denied a patent in Re Newton et al., supra.

While appellants point out in their brief that under In re Newton et al., supra, the shortening used in the bakery method claims at bar is not patentable over the method and article claims in the Ellis patents it is asserted that appellants have discovered an unexpected result in making bakery products from the use of a shortening which is distinctly different from that disclosed in the Ellis patents. The burden of appellants' argument on this phase of the case is that the instant claims should not be rejected on the Ellis patents for the reason that they do not disclose the use of mono-. or diacid glycerides in the proportion specified in the claims and that the Ellis patents do not disclose the use of fats containing mono- or diacid glycerides in the production of bakery products as distinguished from the use of such fats for edible purposes generally.

It seems to us that the question presented here is: Is there invention in a method of using a noninventive shortening in the conventional way in producing bakery products generally where the prior art did not teach the particular effect such shortening might have upon the new product.

Appellants in their brief state:

"To hold the present claims patentable to appellants would not be inconsistent with this prior decision, because the claims involved in the early appeal were not limited to bakery products, but covered shortenings broadly, irrespective of the particular use to which it might be put. The claims here involved are limited to improvements in baking, and the question presented is whether the Ellis patents contain a disclosure of this. Edible oils and fats are used for a good many purposes other than as shortening, and the mere disclosure of a particular product as an edible fat or oil, or as useful for cooking purposes, etc., is not a disclosure of the use of this product as a shortening in making improved baked goods. Where, as here, there is no specific disclosure of the use of the product for a particular purpose, and where such use involves unexpected and important ad-

vantages, it cannot properly be said that invention is not involved."

The merit of appellants' shortening as urged in the Newton et al. case and here relates to its quality of producing a creaming effect when in use. This matter was thoroughly discussed in Re Newton et al., supra. We there said:

"Neither of the Ellis patents discloses the creaming properties of his edible product, but in our opinion this function is inherent. It cannot be otherwise. The refined oil or fat is not part of appellants' invention, and some of the oils set forth in Ellis patent 1,547,571 are edible and undoubtedly fitted for exactly the same use as those of applicants. The amounts of glycerides used may be the same both in the Ellis patent, 1,547,571 and in the claims. The product of the patent may be employed in cooking exactly in the same fashion and with the same results, as we view it, as the product of the appealed claims.

\* \* \* \* \* \*

"Even though appellants may have found a new property possessed but not even thought of by Ellis, they are not entitled to a patent. Apparently appellants have disclosed properties that were not disclosed in the references. On this state of facts we think the law has been settled in the case of In re James, 83 F.2d 313, 23 C.C.P.A., Patents, 1124. In that case the court said:

"'The mere fact that appellant may have made certain disclosures as to properties not disclosed in the patent is not of itself sufficient to support an additional patent. It seems to us that there is inherent in the patent all that appellant claims here, and that the teachings of the application involved do not embrace matter allowable over the patent. He may teach here a scientific explanation, not given in the patent, as to results obtained by the patent process, but he is not entitled to patent for such scientific explanation.'"

It seems tenuous for appellants to argue that while they are not entitled to a patent upon a shortening identical with that used in the method claims at bar, the claims are patentable merely because appellants claim to have discovered something new about the properties of the shortening when put into actual use in baking. Ellis is entitled to all the benefits flowing from his edible oils and fats and the method of making them when used for any purpose for which they were fitted unless the new use involved invention. Can it be logically argued that it involved invention to put the Ellis oils and fats or their equivalents to one of the main uses for which such ingredients are intended? If appellants could obtain a monopoly upon the right to use a noninventive shortening in the conventional way in baking, which is one of the chief uses of such materials, they would be accomplishing indirectly, to a great extent, that which they have heretofore been directly denied.

We think that the board arrived at the right conclusion in affirming the examiner in rejecting the claims upon the patents to Ellis and its decision is affirmed.

Affirmed.